Filed 8/24/23  P. v. Perez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RODRIGO PEREZ,<br><br>Defendant and Appellant. | B326458<br><br>(Los Angeles County<br>Super. Ct. No. BA298659) |

Appeal from an order of the Superior Court of Los Angeles County, Kerry R. Bensinger, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2007, a jury convicted Rodrigo Perez (Perez) of the attempted murder of Los Angeles Police Department Officer Rodolfo Fuentes.  The trial court sentenced Perez to 40 years to life in prison.

Perez now asks us to reverse the trial court's order denying his petition filed pursuant to Penal Code section 1172.6 (formerly section 1170.95),[1] which permits a defendant convicted of "attempted murder under the natural and probable consequences doctrine" to petition for resentencing.  (§ 1172.6, subd. (a).)

Perez's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Perez filed a supplemental brief in which his primary contention is that he lacked the requisite intent to support an attempted murder conviction because he had no specific target victim in mind when he fired at Officer Fuentes.

Our Supreme Court, however, foreclosed this argument in its opinion in Perez's prior appeal.  (See *People v. Perez* (2010) 50 Cal.4th 222, 225 (*Perez II*) [" '[t]he mental state required for attempted murder is the intent to kill *a* human being, not a *particular* human being' "].)  Moreover, the record establishes that the jury did not convict Perez pursuant to the natural and probable consequences doctrine.

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10), without changing the statute's content.  We hereafter cite to section 1172.6 for ease of reference.

We therefore conclude that Perez is ineligible for section 1172.6 relief as a matter of law and affirm the trial court's denial of his petition.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

On July 3, 2005, an unidentified male fired a single bullet from a car at a group of eight people—seven peace officers and one civilian—standing approximately 60 feet away in a dimly lit parking lot. The bullet struck Officer Fuentes in the hand, but caused no deaths or other injuries. Through subsequent investigation, detectives identified Perez as the shooter.

The district attorney charged Perez with, inter alia, eight counts of premeditated attempted murder of a peace officer (§§ 664, subds. (e) & (f), 187, subd. (a)) and one additional count of premeditated attempted murder of the civilian victim (§§ 664, 187, subd. (a).) The jury convicted Perez on eight of the nine attempted murder counts.[3]

---

[2] We summarize only the facts and procedural history relevant to our resolution of this appeal. Because the record here does not contain a complete transcript of Perez's trial, we consulted portions of the record submitted in connection with Perez's direct appeal in drafting this factual and procedural summary. (See *People v. Perez* (Aug. 21, 2008, B198165) [nonpub. opn.] (*Perez I*), affd. in part and revd. in part July 29, 2010, S167051; Evid. Code, 452, subd. (d)(1) [permitting judicial notice of "[r]ecords of . . . any court of this state"].)

[3] The jury acquitted Perez of the attempted murder of Officer William Monahan. The prosecution argued at trial that "Officer Mon[a]han [was] a little bit further from the group" into which Perez fired, and that, as a result, "it [might] very well be [that] the attempted murder count [could not] be attached to him."

The trial court sentenced Perez to a total prison term of 40 years to life on count 1 (the attempted murder of Officer Fuentes). The court ordered the sentences for each of Perez's other convictions and firearm enhancements either stayed or to run concurrently with his sentence on count 1.

Perez appealed, and we affirmed his eight convictions for attempted murder. (See *Perez I*, *supra*, B198195.) Our Supreme Court, however, concluded that "the evidence [in Perez's case was] sufficient to sustain only a single count of premeditated attempted murder of a peace officer"—namely, the attempted murder of Officer Fuentes. (*Perez II*, *supra*, 50 Cal.4th at p. 225.) In all other respects, the court affirmed the judgment. (*Id.* at p. 234.) The court therefore remanded the case to us "with directions to conform the judgment to reflect [Perez's] conviction of a single count of premeditated attempted murder of a peace officer, and for further proceedings consistent with the views expressed [in its opinion]." (*Ibid.*)

Consistent with the Supreme Court's directions, "we reverse[d] [Perez's] remaining seven attempted murder convictions and remand[ed] for resentencing, but otherwise affirm[ed]."[4] (*People v. Perez* (Oct. 8, 2010, B198165) [nonpub. opn.] (*Perez III*).)

On February 22, 2022, Perez, representing himself, filed a petition for resentencing under section 1172.6. The trial court appointed counsel for Perez and set a briefing schedule. The district attorney opposed the petition, and Perez's appointed counsel filed a reply on his behalf. The court conducted a hearing

---

[4] The record on appeal does not disclose the sentence the trial court imposed on remand.

on the petition on October 3, 2022, and took the matter under submission.

On October 12, 2022, the court denied Perez's petition for resentencing, concluding that he had failed to make a prima facie case for relief because the jury instructions demonstrated as a matter of law that the jury found that Perez personally harbored the intent to kill when he committed the attempted murder of Officer Fuentes.

Perez timely appealed the court's denial of his petition, and we appointed counsel to represent him. On May 22, 2023, Perez's appointed counsel filed a brief raising no issues and requesting that we follow the procedures set forth in *Delgadillo*, including that we evaluate the arguments in any supplemental brief Perez might file. Perez filed a supplemental brief on June 21, 2023.

## DISCUSSION

### A. Law Governing *Delgadillo* Appeals

In *Delgadillo*, the Supreme Court established the procedure for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. (*Delgadillo*, *supra*, 14 Cal.5th 216.) In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231–232.) If the defendant files a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at

p. 232.)  But "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues."**5**  (*Ibid.*)

### B.    Law Governing Section 1172.6 Petitions

"Murder has long been defined as 'the unlawful killing of a human being . . . with malice aforethought.' " (*People v. Offley* (2020) 48 Cal.App.5th 588, 595 (*Offley*), quoting § 187, subd. (a).) " 'Malice aforethought may be express or implied.  [Citation.] "Express malice is an intent to kill. . . . Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." ' [Citation.]" (*Offley*, *supra*, at p. 595.)

"Prior to the enactment of Senate Bill No. 1437, however, a defendant who aided and abetted a crime that ended in a victim's death could be convicted of murder under the natural and probable consequences doctrine even if the defendant personally did not act with malice aforethought.  The natural and probable consequences doctrine provides that ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime." ' [Citation.]"  (*Offley*, *supra*, 48 Cal.App.5th at p. 595.)

---

**5** We therefore decline the request of Perez's appointed counsel that we conduct an independent review of the entire record on appeal.

"Senate Bill No. 1437 was enacted to abolish this doctrine in cases of murder.[6]  It amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder 'shall act with malice aforethought,' and that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'  [Citations.]  As a result, the natural and probable consequences doctrine can no longer support a murder conviction."  (*Offley*, *supra*, 48 Cal.App.5th at p. 595, fn. added & omitted.)

Senate Bill No. 1437 also enacted section 1172.6, which provides a procedure whereby "convicted murderers who could not be convicted under the law as amended" may petition to have the conviction vacated and be resentenced on any remaining counts.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957; see § 1172.6, subd. (a).)  In 2021, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.), which, among other changes, extended the application of section 1172.6 to defendants convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

If a section 1172.6 petition contains all the required information, including "[a] declaration by the petitioner that the petitioner is eligible for relief" (§ 1172.6, subd. (b)(1)(A), the trial court must appoint counsel, if requested (*id*., subd. (b)(3));

---

**6** The bill "also amended section 189 by adding a requirement to the felony-murder rule that a defendant who was not the actual killer or a direct aider and abettor must have been a major participant in the underlying felony and acted with reckless indifference to human life."  (*Offley*, *supra*, 48 Cal.App.5th at p. 595, fn. 4, citing Stats. 2018, ch. 1015, § 3.)  This aspect of the law is not relevant to Perez's appeal.

7

the prosecutor must "file and serve a response" to the petition, to which the petitioner may reply (*id.*, subd. (c)); and "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

" ' "[I]f the record . . . 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner' " ' " and denying the petition at the prima facie stage. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 (*Hurtado*).) " 'The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' [Citation.]" (*Hurtado*, *supra*, at p. 893.)

### C. Perez Is Ineligible for Section 1172.6 Relief as a Matter of Law

Perez is ineligible for section 1172.6 relief as a matter of law because the record of conviction establishes that the jury did not convict him pursuant to the natural and probable consequences doctrine.

At trial, the prosecutor argued that Perez committed attempted murder when he personally aimed and fired a gun at Officer Fuentes with "the intent to kill." The trial court instructed the jury that, to find Perez guilty of attempted murder, it must conclude that he "intended to kill." The court did not instruct the jury on the natural and probable consequences doctrine, any other theory of imputed malice, or even on aiding and abetting.

In addition, the jury determined that Perez committed the attempted murder willfully, and with deliberation and premeditation—findings that the court instructed the jurors

8

they could make only if they concluded that Perez "intended to kill when he acted," and that he "decided to kill before acting" after "carefully weigh[ing] the considerations for and against his choice."

Finally, the jury concluded that Perez "personally and intentionally discharged a firearm" in the commission of the crime. Accordingly, we conclude that Perez is ineligible for section 1172.6 relief as a matter of law. (See *Hurtado*, *supra*, 89 Cal.App.5th at p. 893 ["[a]s *the* attempted murderer, [petitioner] is 'ineligible for relief' as 'a matter of law' "]; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 ["[a]s [the defendant] concedes, the jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him. He is therefore ineligible for resentencing"].)

None of the arguments in Perez's supplemental brief persuades us otherwise. First, Perez contends that he lacked the requisite intent to kill Officer Fuentes because the record demonstrates that he had no specific "target victim" in mind when he fired the shot. The Supreme Court, however, expressly has foreclosed such an argument, reiterating in *Perez II* that " '[t]he mental state required for attempted murder is the intent to kill *a* human being, not a *particular* human being.' [Citation.]" (*Perez II*, *supra*, 50 Cal.4th at p. 225.)

Next, relying on *People v. Canizales* (2019) 7 Cal.5th 591 (*Canizales*), Perez appears to argue that the jury might have convicted him pursuant to the "kill zone" theory,[7] which he

---

[7] Pursuant to "the so-called kill zone theory, . . . a defendant may be convicted of the attempted murder of an individual who was not the defendant's primary target." (*Canizales*, *supra*, 7 Cal.5th at p. 596.)

characterizes as "a sort of natural and probable consequences theory" or "theory of implied malice."

But *Canizales*—in which the Supreme Court clarified certain aspects of the kill zone theory—has no application here. As an initial matter, nothing in the record suggests that the jury might have relied on the kill zone theory in convicting Perez. The trial court did not instruct the jury on the kill zone theory, and the Supreme Court expressly disclaimed any reliance on the theory in affirming Perez's conviction for the attempted murder of Officer Fuentes. (See *Perez II*, *supra*, 50 Cal.4th at p. 232 ["[t]he facts of this case do not establish that [Perez] created a 'kill zone' "].)

Moreover—in contrast to the natural and probable consequences doctrine—the kill zone theory does not involve imputing malice to a defendant based solely on that defendant's participation in another crime. Instead, "[t]he kill zone theory looks to circumstantial evidence to support a permissive inference regarding a defendant's intent." (*Canizales*, *supra*, 7 Cal.5th at p. 606.) The theory "permits the jury to infer that the defendant harbored the requisite specific intent to kill the primary target *and* everyone within the zone of fatal harm. Thus, the jury would have found a specific intent to kill [even] were it to have relied . . . on the kill zone theory of attempted murder liability." (*Id.* at p. 618.) We therefore find Perez's kill zone theory argument unpersuasive.

Finally, Perez urges that we should vacate his conviction for the attempted murder of Officer Fuentes because "the record contain[s] no evidence [he] intended to kill anyone." This argument fails because section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error

10

or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Accordingly, we affirm the trial court's denial of Perez's section 1172.6 petition.[8]

---

[8] In a declaration appended to his supplemental brief, Perez seeks substitute appellate counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  Having reviewed Perez's declaration, we conclude that he has not raised an issue cognizable under *Marsden.*  Accordingly, we deny his request for substitute counsel on appeal.

## DISPOSITION

We affirm the October 12, 2022 order denying Perez's section 1172.6 petition. We deny Perez's request for substitute appellate counsel.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

WEINGART, J.